American Historical Society, Inc., *v.* Farr,
Appellant.

Argued January 16, 1935.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Reynolds D. Brown,* for appellant.

*Cecil P. Harvey,* of *Horenstein & Harvey,* for appellee.

Opinion by Mr. Chief Justice Frazer, March 25, 1935:

The American Historical Society, Inc., a book publishing concern, brought suit to recover the balance due on a promissory note in the amount of $9,800, executed by Helena L. Farr, appellant, in payment for 32 volumes of a book dealing with her genealogy and ancestry. The defense was that, at the time of signing the note, appellant was a woman of advanced years and totally lacking in business experience, and that her age and ignorance were taken advantage of by plaintiff's agent in consummating the transaction. There have been two trials of the issue. At the first, the question was submitted to a jury which failed to agree. At the second trial, upon the conclusion of the testimony, the court gave binding instructions to the jury in plaintiff's favor. This appeal followed.

The note in question was signed on December 15, 1927. Five years before that time appellant had purchased from plaintiff five identical copies of a book entitled "American Families" at a total price of $5,950, including the cost of fifteen or sixteen specially prepared plates of steel engravings and coats of arms. Payment was made at a rate of $200 a month over a period of several years. In January of 1927, appellant entered into a contract to purchase from plaintiff five volumes of a work entitled "Farr, Haddock and Allied Families" at a cost of $5,000. This book contained, with a few additions, the same material as the original volumes entitled "American Families." Plaintiff agreed to credit Mrs. Farr with $1,200 on this transaction if she returned her unused copies of "American Families," and also gave her an additional allowance of $500, which reduced the price of the five volumes of the new edition to $3,300. The following month appellant signed a contract to purchase twelve more copies of "Farr, Haddock and Allied Families" for $5,300. A short time afterward she signed another contract to buy fifteen additional volumes of the same work. These lat-

ter were not so handsomely bound and were to cost only $1,500. They were to be sent to different libraries throughout the country. The total of appellant's obligations under these contracts was $10,100. She made a payment of $300 on account and signed a note for $9,800, on which she subsequently made monthly payments aggregating $5,350 in the period between January, 1928, and August, 1931. The present action is to recover the balance together with interest.

At the time the note in suit was signed, as well as the contracts preceding it, appellant was 81 years of age. There is no evidence, however, of mental infirmity, or want of normal intelligence and understanding. The record discloses that appellant at that time was a woman of considerable means, that she was liberal with her money, giving freely to charity and the church, and was accustomed to purchase books, laces, linens and other luxuries for her own pleasure. She was not a student, and, because of failing eyesight, read very little, but enjoyed having books about her. There is nothing to indicate that appellant was prevailed upon by fraud or undue influence to purchase these books. The price may have been exorbitant (although even that does not clearly appear in the evidence) and the number of books bought may have been unnecessarily large, but, in the absence of fraud, these facts are not sufficient to avoid the contract.

The medical testimony offered in behalf of defendant fell far short of showing such weakness of mind as would justify an inference of overreaching or undue influence. It was stated that defendant was senile (which the witness understood to mean old and infirm), and it was also said she was forgetful, but no evidence was introduced to show that in any other respect appellant's mental faculties were impaired or that she was unable to comprehend the nature of the transaction in which she became involved. Any suggestion that appellant had been imposed upon by virtue of her frailty or by over-persuasion

is rebutted by the fact that the contract was many times reaffirmed by payment of installments on the purchase price.

Old age in itself raises no presumption of mental incapacity. Without evidence showing that some unfair advantage has been taken of one of the contracting parties through fraud, duress or the like, a bad bargain made by a person of advanced years is no more subject to avoidance than the agreement of any other person. The present case is devoid of competent evidence showing that appellant was imposed upon, and the trial judge accordingly committed no error in directing a verdict for plaintiff.

Judgment affirmed.